PUBLISHED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **GLEN W. STAPLETON,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:05-cv-00541 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*Glen W. Stapleton, Pro Se.*

Petitioner Glen W. Stapleton has moved for reconsideration of the judgment entered September 2, 2005, dismissing as successive his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C.A. § 2255 (West Supp. 2005).[1] Finding no merit to his arguments, I must deny his Motion to Reconsider.

---

[1] The statute provides that

> [a] second or successive motion [under § 2255] must be certified as provided in section 2254 by a panel of the appropriate court of appeals . . . .

28 U.S.C.A. § 2255 para. 8.

I found Stapleton's § 2255 motion to be successive because he previously filed a § 2255 motion, Case No. 7:04-cv-00459. By order entered August 16, 2004, I summarily dismissed that prior motion as untimely filed.[2] Stapleton now argues that I should consider the merits of his current § 2255 claims for two reasons: (1) the court did not notify him in Case No. 7:04-cv-00459 or in this case of his rights under *Castro v. United States,* 540 U.S. 375 (2003); and (2) the dismissal of Case No. 7:04-cv-00459 as untimely does not qualify as an adjudication on the merits so as to make his current § 2255 motion successive. I reject both of these arguments.

It is well established that federal courts may ignore the legal label that a pro se litigant attaches to a motion, recharacterize the motion, and place it within a different legal category. Courts often take this step in order "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro*, 540 U.S. at 381-82. In *Castro*, the Supreme Court held that when a district court recharacterizes and dismisses a pro se defendant's post-trial motion as a first § 2255 motion, but does not warn the defendant about successive petition restrictions and allow him to amend his motion to bring all his § 2255 claims,

---

[2] A one-year period of limitation applies to § 2255 motions. *See* 28 U.S.C.A. § 2255 para 6.

the recharacterized and dismissed motion cannot be considered a § 2255 motion so as to bar district court review of a future motion as successive. *Id.* at 383.

The facts in Stapleton's case do not give rise to the *Castro* concerns. In June 2003, Stapleton filed a motion under Fed. R. Civ. P. 60(b) in Case No. 2:01-cr-10026, the original criminal case, which this court construed and conditionally filed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255. *See* Case No. 7:03-cv-00406. The court's conditional filing order gave Stapleton an opportunity to elect whether or not he wished to have the action addressed as a § 2255 motion; the order also included a warning that § 2255 motions must generally be filed no later than one year after the conviction becomes final. *Id.*, Dkt. No. 1. Stapleton elected not to pursue that case as a § 2255 motion, so I dismissed that civil action and denied the motion in Case No. 2:01-cr-10026 under Fed. R. Civ. P. 60(b), as that rule provided him no ground for relief in a criminal proceeding. In August 2004, Stapleton submitted a pleading styled as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255, which the court filed as Case No. 7:04-cv-00459. As more than one year had passed since Stapleton's conviction became final, I dismissed his § 2255 motion as untimely.[3] Because Stapleton clearly

---

[3] Stapleton filed a Motion to Reconsider in Case No. 7:04-cv-0459, arguing that I should reopen Case No. 7:03-cv-00406, because at the time he elected not to pursue that earlier case as a § 2255 motion, he did so because an attorney his mother had retained misled

- 3 -

labeled his initial submissions in Case No. 7:04-cv-00459 and in this case as § 2255 motions, I cannot find that *Castro* offers any support for his request to reconsider the dismissal of his current § 2255 motion as successive.

Second, I find that proper dismissal of a prior § 2255 motion as untimely renders successive any future § 2255 motions challenging the same conviction or sentence. It has been expressly held by the Second Circuit that dismissal of a prior § 2255 motion as untimely qualifies as an adjudication on the merits so as to bar future § 2255 claims as successive. *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003). The court based this holding on the fact that unlike cases where a § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-

---

him into believing that the attorney would be filing a separate § 2255 action. Stapleton wanted me to reopen Case No. 7:03-cv-00406 and address his claims, as that case was filed within the statutory one-year limit. I denied this motion, because Stapleton offered no ground for relief from the judgment in Case No. 7:04-cv-00459.

I find no ground, legal or equitable, to reopen Case No. 7:03-cv-00406 or to reopen and consider Case No. 7:04-cv-00459 as timely filed. Stapleton had clear notice in Case No. 7:03-cv-00406 of the § 2255 limitation period. He and his attorney in June 2003 apparently miscalculated the § 2255 filing period in his case and thought he had more time to file such an action. In fact, Stapleton's one year to file a § 2255 motion expired on or about July 7, 2003. Stapleton waited until July 9, 2004, to elect not to pursue Case No. 7:03-cv-00406 as a § 2255 motion, after his filing period had already expired. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000) (finding that simple negligence in calculating statutory filing period—whether caused by an attorney's mistake or by pro se litigant's unfamiliarity with legal process, lack of legal representation or lack of access to legal materials—is insufficient basis upon which to invoke equitable tolling of limitation period for federal habeas petitions).

bar cannot be corrected. *Id.* I find the reasoning of the *Villanueva* decision to be persuasive. Therefore, I find no merit to Stapleton's second argument in support of his Motion to Reconsider.

For these reasons, it is **ORDERED** that the petitioner's Motion to Reconsider is DENIED.

ENTER: October 12, 2005

/S/ JAMES P. JONES
Chief United States District Judge